**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1313

UNIVERSAL LIFE INSURANCE COMPANY,

Plaintiff – Appellee,

v.

GREG E. LINDBERG,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:20-cv-00681-LCB-JEP)

Argued:  January 23, 2024                      Decided:  August 26, 2024

Before HEYTENS and BENJAMIN, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  William G. Whitehill, CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC, Dallas, Texas, for Appellant.  Christopher Grafflin Browning, Jr., TROUTMAN PEPPER HAMILTON SANDERS LLP, Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  Aaron Z. Tobin, CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC, Dallas, Texas; Matthew N. Leerberg, FOX ROTHSCHILD LLP, Raleigh, North Carolina, for Appellant.  Michael B. Cohen, TROUTMAN PEPPER HAMILTON SANDERS LLP, Raleigh, North Carolina; Luis Fernando Llach-Zuniga, CASILLAS, SANTIAGO & TORRES LLC, San Juan, Puerto Rico, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant-Appellant Greg E. Lindberg appeals the district court's grant of Plaintiff-Appellee Universal Life Insurance Company's ("ULICO") motion for summary judgment. This dispute concerns whether a guaranty agreement executed between Lindberg and ULICO makes Lindberg personally liable for an arbitration award entered against a company Lindberg wholly owned.

In 2017, ULICO reached out to Lindberg's insurance company, Private Bankers Life and Annuity, Ltd. ("PBLA"), regarding a potential reinsurance agreement. After an evaluation that Lindberg personally participated in, ULICO and PBLA entered into a reinsurance agreement. Additionally, "Lindberg [personally] entered into a Guaranty Agreement with [ULICO]." J.A. 1252.

In February 2020, ULICO "initiated arbitration proceedings against PBLA," and asserted that Lindberg "drained over $524 million cash-equivalent assets . . . from the [ULICO] trust account and replaced them with assets that do not conform." J.A. 1254. The arbitral panel awarded judgment to ULICO. The arbitral award found PBLA at fault and "ordered PBLA to pay [ULICO] $524,009,051.26 within ten days of the entry of the award." J.A. 1255. The award was confirmed by a final judgment in the United States District Court for the Southern District of New York.

When PBLA failed to pay the arbitration award within the prescribed time, ULICO filed a breach of contract action against Lindberg in the United States District Court for the Middle District of North Carolina, the venue prescribed by the guaranty agreement. After discovery, ULICO filed a motion for summary judgment where it argued that the arbitral

3

award was conditioned on a breach of the reinsurance agreement, which unlocked Lindberg's obligations under the guaranty agreement.

The district court granted ULICO's motion for summary judgment. *See* J.A. 1316–18. The court adopted the report and recommendation of the magistrate judge, finding that "the Parties agree that a valid Guaranty Agreement exists between the Parties," satisfying the requirement that there be a contract. *See* J.A. 1258. The court observed that the guaranty agreement contained unambiguous language regarding Lindberg's obligation to cover PBLA's obligations under the reinsurance agreement, finding that "there is no ambiguity and no genuine issue of material fact as to . . . [the] issues on [ULICO's] breach of contract claim." *Id.* at 1261; *see also id.* at 1259–63.

After careful review of the record and with the benefit of oral argument, we find no error in the district court's well-reasoned ruling. We therefore reject Lindberg's arguments on appeal. The district court's order is

*AFFIRMED.*

4